

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ROSEMARY MCCULLOUGH, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:06-CV-21-TH |
| | § | JURY |
| HOUSTON COUNTY, TEXAS and | § | |
| DAVID CERVANTES, Individually and in | § | |
| His Official Capacity of Houston County | § | |
| District Attorney, | § | |
| | § | |
| *Defendants.* | § | |

# MEMORANDUM OPINION AND ORDER GRANTING
# DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT

Before the Court is *Defendants Houston County, Texas and David Cervantes' Supplemental Motion for Summary Judgment* [Clerk's Docket No. 63] filed February 9, 2007. Having considered the motion, response and reply, the Court is of the opinion that the motion for summary judgment should be granted.

## I.  FACTUAL & PROCEDURAL BACKGROUND

The claim made the subject of this memorandum opinion and order is the retaliation claim alleged by Rosemary McCullough against Houston County arising out of her employment with the District Clerk's Office.

At some point before her last day of employment with the Houston County District Attorney's Office, Ms. McCullough accepted a part-time position with the Houston County District Clerk's Office. She commenced working as a part-time district clerk on Monday, January

3, 2005.  Her duties included answering the telephone, assisting customers, and filing.  Carolyn Rains, who previously worked as the Chief District Clerk, became the District Clerk on June 1, 2005.

On August 3, 2005, Ms. McCullough filed a charge of discrimination with the EEOC arising out of her claims against Houston County and David Cervantes in connection with her employment with the District Attorney's Office.  In the EEOC charging documents she claimed she was discharged based upon her race, age, and in retaliation for exercising her First Amendment rights.  She identified December 31, 2004—her last paid day in the District Attorney's Office under Ms. Garner—as the date of the alleged violation of her rights.  She subsequently filed this lawsuit on January 20, 2006.

On January 27, 2006, Ms. Rains tasked Ms. MsCullough with coordinating administrative activities for Judge Fletcher in the 349th Judicial District Court.  Ms. Rains was aware that Ms. McCullough had filed a charge of discrimination with the EEOC and this federal lawsuit.  Ms. McCullough averaged 29.2 hours per week working in this capacity.  On or about May 9, 2006, Judge Fletcher complained about Ms. McCullough's performance and requested that she be reassigned.  Her workload was subsequently reduced and her primary responsibilities once again became answering phones, filing, helping people that came into the District Clerk's Office, and addressing backlog filing and shredding.

On April 28, 2006, Ms. McCullough gave deposition testimony addressing her separation from the District Attorney's Office.  She contends that Ms. Rains became more hostile to her after that deposition.

On or about July 17, 2006, Ms. McCullough faxed a physician's note to the District

Clerk's Office indicating that she would be off work for four weeks for unspecified medical reasons.  Ms. McCullough did not address the matter with Ms. Rains at this time.   On Wednesday, July 26, 2006, Ms. Rains sent Ms. McCullough a letter detailing Houston County leave policy, reminding her that as a part-time employee, she did not qualify for FMLA leave, sick leave or vacation, which Ms. McCullough does not dispute.  Ms. Rains also forwarded Ms. McCullough a copy of the Houston County employment manual.  Ms. McCullough never responded to this letter.

On Friday, August 18, 2006, Ms. McCullough sent another physician's note with the apparent intent of extending her time off work for an additional four weeks.  Given the absence of any discussions or explanations regarding this prolonged absence from work, Ms. Rains assumed that Ms. McCullough was not serious about returning to work.

Two part-time summer employees were hired on July 21, 2006.  After receiving Ms. McCullough's extension of time off work for four additional weeks, Ms. Rains committed to provide one of the students, Ms. Davis,  twenty (20) hours of work a week in the fall as part of a school training program.

During the afternoon of Friday, September 8, 2006, Ms. McCullough contacted Ms. Rains about returning to work on Monday, September 11, 2006.   This was the first time Ms. McCullough had contacted Ms. Rains about returning.

Ms. McCullough returned to the Clerk's Office sporadically in September and October 2006.  Because there was insufficient work to support her part-time position, her last day with the District Clerk's Office was October 12, 2006.

On December 22, 2006, Ms. McCullough amended her complaint to add an additional cause of action for retaliation arising out of her separation of employment from the Houston County Clerk's Office. *See Plaintiff's Second Amended Complaint* at ¶ 1 [Clerk's Docket No. 54]. Plaintiff contends that she was terminated from the District Clerk's Office in retaliation for opposing discrimination in connection with her charge and lawsuit against the County and the District Attorney. *See Plaintiff's Second Amended Complaint* at ¶ 1 [Clerk's Docket No. 54].

This Court granted the defendants' first motion for summary judgment seeking dismissal of plaintiff's claims alleging: (1) race discrimination in violation of Title VII; (2) age discrimination in violation of the ADEA; (3) Section 1983 claims for violation of plaintiff's right to Equal Protection; and (4) Section 1983 claims for violation of plaintiff's right to Free Speech in connection with Ms. McCullough's claims against the County and the District Attorney. *See Memorandum Opinion and Order Granting Defendants' First Motion for Summary Judgment* [Clerk's Docket No. 54]. This memorandum opinions and order addressees the retaliation claim alleged in connection with her separation from the Houston County Clerk's Office.

## II. LEGAL STANDARD – MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986). The purpose of summary judgment proceedings is to dispose of factually and legally unsupported claims and defenses while protecting parties' respective rights to trial on disputed issues. *Celotex Corp.*, 477 U.S. at 323-24, 106 S. Ct. at 2553. Disposition by summary judgment is not a "disfavored procedural short-cut, but rather, an integral part of the FEDERAL

Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of an action.'" *Celotex Corp.*, 477 U.S. at 327, 106 S. Ct. at 2555 (quoting Fed. R. Civ. P. 1).

As an initial matter, the burden is on the party seeking summary judgment to demonstrate that there is no genuine issue as to any material fact.[1] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608 (1970). Once this initial showing is made, the burden shifts to the non-movant to identify specific facts demonstrating the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e). To carry this burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," but instead, "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356 (1986) (quoting Fed. R. Civ. P. 56 (e)). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Rather, only disputes over facts that might affect the outcome of the lawsuit under governing law preclude entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10 (1986).

When considering motions for summary judgment, courts must resolve all reasonable doubts in favor of the nonmoving party. *See General Elec. Co. v. Joiner,* 522 U.S. 136, 143, 118 S. Ct. 512, 517 (1997). "[T]he nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *See Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52 (1999). "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions.'" *Id.*

---

[1] For purposes of summary judgment, an issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict in favor of the nonmovant; a fact is "material" if its resolution under substantive law in favor of one party might affect the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

### III.  LEGAL BACKGROUND – TITLE VII RETALIATION CLAIM

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *see Desert Palace, Inc. v. Costa*, 539 U.S. 90, 92-93 (2003).  "The purposes of Title VII are to achieve equality of employment opportunity and to make persons whole for injuries suffered on account of unlawful employment discrimination." *Floca v. Homecare Health Servs., Inc.*, 845 F.2d 108, 111 (5th Cir. 1988) (citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 417 (1975)).

Employment discrimination laws are intended neither to "be a vehicle for judicial second guessing of employment decisions nor . . .  to transform the courts into personnel managers." *E.E.O.C. v. Louisiana Office of Cmty. Servs.*, 47 F.3d 1438, 1448 (5th Cir. 1995).  "Federal courts 'do not sit as a super-personnel departments that re-examines an entity's business decisions . . . .'" *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991).  It has long been the law in the Fifth Circuit that Title VII does not protect against unfair or unwise business decisions, but rather, only against decisions motivated by unlawful animus.  *Nieto v. L&H Packing Co.*, 108 F.3d 621, 624 (5th Cir. 1997).

"Title VII discrimination can be established through either direct or circumstantial evidence." *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (citing *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000), *cert. denied*, 535 U.S. 1078 (2002)).  "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *West*, 330 F.3d at 384 n.3; *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir.), *cert. denied*, 539 U.S. 926 (2002).

"Absent direct evidence of discriminatory intent, as is typically the case, proof via circumstantial evidence is assembled using the framework set forth in the seminal case of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 . . . (1973)." *Russell*, 235 F.3d at 222; *see Reeves*, 530 U.S. at 143; *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981); *Laxton*, 333 F.3d at 578; *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 384 (5th Cir. 2003).

Where there is no direct evidence of discrimination, the plaintiff must initially establish a *prima facie* case by satisfying a multi-factor test from which a discriminatory motive may be inferred, thus creating a rebuttable presumption of intentional discrimination.  *See Reeves*, 530 U.S. at 142; *Laxton*, 333 F.3d at 578; *Russell*, 235 F.3d at 222; *Wallace*, 80 F.3d at 1047 (citing *Meinecke v. H&R Block of Houston*, 66 F.3d 77, 83 (5th Cir. 1995)).

Title VII prohibits retaliation against employees who engage in protected conduct. *Fabela v. Socorro Ind. School Dist.*, 329 F.3d 409, 414 (5th Cir. 2003).  In order to establish a *prima facie* case of retaliation, a plaintiff must demonstrate that:  (1) she engaged in an activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007)

Temporal proximity between a protected activity and an adverse employment action may be sufficient to establish a *prima facie* causal connection.  *See  Swanson v. Gen. Servs. Admin.,* 110 F.3d 1180, 1188 (5th Cir.1997).  However, when there is a significant time lapse between the protected activities and the alleged adverse employment action, an inference of causation is not supported.  *Russell v. University of Texas Permian Basin*, 2007 WL 1879157 (5th Cir. 2007)(six months did not support inference of causation).  In *Clark County School District v. Breeden*, the Supreme Court noted that "cases that accept mere temporal proximity. . .  as sufficient evidence

of causality to establish a prima facie case uniformly hold that the temporal proximity must be '*very close*.'" 532 U.S. 268, 273, 121 S. Ct. 1508 (2001) (emphasis added).  The Fifth Circuit has made clear that "'the mere fact that some adverse action is taken *after* an employee engages in some protected activity will not always be enough for a *prima facie* case.'"  *Roberson v. Alltell Information Services*, 373 F.3d 647, 655 (5th Cir. 2004) (*quoting Swanson v. Gen. Serv. Admin.*, 110 F.3d 1180, 1188 n.3 (5th Cir. 1997)).

Once the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to articulate—but not prove—a legitimate, nondiscriminatory reason for its employment decision. *See Raytheon Co. v. Hernandez*, 540 U.S. 44, 50 (2003); *Reeves*, 530 U.S. at 142; *McDonnell Douglas Corp.*, 411 U.S. at 802; *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 330 (5th Cir. 2004); *Laxton*, 333 F.3d at 578 (citing *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001), *cert. denied*, 535 U.S. 1078 (2002)); *West*, 330 F.3d at 384 (citing *Russell*, 235 F.3d at 222); *Okoye v. University of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001).  "This burden is one of production, not persuasion; it 'can involve no credibility assessment.'" *Reeves*, 530 U.S. at 142 (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993)); *see West*, 330 F.3d at 385; *Sandstad*, 309 F.3d at 898; *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). "The [employer] must clearly set forth, through the introduction of admissible evidence, reasons for its actions which, '*if believed by the trier of fact*,' would support a finding that unlawful discrimination was not the cause of the employment action." *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999) (quoting *Hicks*, 509 U.S. at 507) (emphasis in original); *accord Brown v. Bunge Corp.*, 207 F.3d 776, 781 (5th Cir. 2000).

The plaintiff must then offer sufficient evidence to create a genuine issue of material fact that the defendant's reason is not true, but is instead a pretext for discrimination.  The "plaintiff may establish pretext either through evidence of disparate treatment or by showing that the

employer's proffered explanation is false or 'unworthy of credence.'" *Laxton*, 333 F.3d at 578 (quoting *Reeves*, 530 U.S. at 1403; *Wallace*, 271 F.3d at 220). "An explanation is false or unworthy or credence if it is not the real reason for the adverse employment action." *Id*. (citing *Sandstad*, 309 F.3d at 899).

"The proper standard of proof on the causation element of a Title VII retaliation claim is that the adverse employment action taken against the plaintiff would not have occurred 'but for' her protected conduct." *Septimus v. Univ. of Houston*, 399 F.3d 601, 607 (5th Cir. 2005).   While very close temporal proximity alone may be adequate to establish a *prima facie* case of retaliation in some instances, temporal proximity alone is insufficient to prove but for causation. *Strong v. Univ. Healthcare Sys..*, 482 F.3d 802, 808 (5th Cir.2007).  "Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Reeves*, 530 U.S. at 143 (quoting *Burdine*, 450 U.S. at 253); *accord Hicks*, 509 U.S. at 507-08; *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005), *pet. for cert. filed*, 74 U.S.L.W. 3232 (U.S. Sept. 27, 2005) (No. 05-406); *Laxton*, 333 F.3d at 578; *Crawford*, 234 F.3d at 902; *Vadie v. Mississippi State Univ.*, 218 F.3d 365, 372 (5th Cir. 2000), *cert. denied*, 531 U.S. 1113 (2001).

Ultimately, "[w]hether summary judgment is appropriate depends on numerous factors, including 'the strength of the plaintiff's *prima facie* case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case'" that properly may be considered by the court when ruling on a motion for summary judgment. *Price v. Federal Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) (quoting *Reeves*, 530 U.S. at 148-49); *accord Laxton*, 333 F.3d at 578; *Crawford*, 234 F.3d at 902.  The determination must be made on a case-by-case basis, depending on the nature, extent, and quality of the evidence, as to whether a jury could reasonably infer discrimination." *Id.* at 903.

# IV.  ANALYSIS

A.  <u>Ms. McCullough Has Not Come Forward With a *Prima Facie* Case of Retaliation</u>

The Court holds that Ms. McCullough has failed to establish a *prima facie* case of retaliation in connection with her separation of employment from the Houston County Clerk's Office.

Plaintiff has alleged a circumstantial—as opposed to direct—evidence case.   Therefore, under the *McDonnell Douglas* shifting burden analysis, she must as an initial matter come forward with a *prima facie* case of each element of claims alleged.  In order to establish a *prima facie* case of the retaliation claim, Ms. McCullough must establish, *inter alia*, a causal connection between her separation from employment with the Clerk's Office and the protected activities.  This she has not done.

Ms. McCullough complains of actions taken well after she filed her charge of discrimination and federal lawsuit.  It is worth noting that Ms. McCullough was actually conferred more important job responsibilities in one of the Houston County courts in closer temporal proximity to these protected activities.  It was not until one year after the filing of the charge—and after Ms. McCullough had been absent for undisclosed medical reasons for eight weeks—that she was no longer needed.  "Cases that accept mere temporal proximity . . . as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'"  *Clark County School District v. Breeden*, 532 U.S. at 273.  The Fifth Circuit has made clear that "'the mere fact that some adverse action is *after* an employee engages in some protected activity will not always be enough for a *prima facie* case.'"  *Roberson v. Alltell Information Services*, 373 F.3d 647, 655 (5th Cir. 2004) (*quoting Swanson v. Gen. Serv. Admin.*, 110 F.3d 1180, 1188 n.3 (5th Cir. 1997)).

Ms. McCullough failed to establish a casual connection.  There is no competent summary judgment evidence of a causal link between a protected activity and any adverse employment actions.  Her subjective belief that she was retaliated against, without more, is not sufficient to survive summary judgment.

Because plaintiff has failed to establish a *prima facie* case of an adverse employment action in connection with the discontinuation of her employment from the Houston County Clerk's Office, those claims are subject to dismissal.

B.    Alternatively, Defendants Have Articulated a Legitimate, Non-Discriminatory Reason for the Employment Actions

Assuming Ms. McCullough had made a *prima facie* showing of discrimination, the burden would then shift to the employer to articulate a legitimate, nondiscriminatory reason for its actions.  This they have done.  Defendants have shown that after Ms. McCullough unilaterally extended her leave for an additional four weeks, Ms. Rains made alternative plans to extend Ms. Davis' internship so that the District Clerk's Office would continue to operate in Ms. McCullough's absence, however long that might prove to be.   Houston County has set forth through the introduction of admissible evidence reasons for its actions which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action.

C.    Alternatively, Ms. McCullough Has Not Demonstrated Pretext

Since defendants have articulated a legitimate nondiscriminatory reason for the reduction in Ms. McCullough's hours and elimination of her position, the burden shifts to Ms. MsCullough to demonstrate pretext.  In arguing that the reasons given by the County were pretextual, Ms.

-11-

McCullough makes two statements: (1) Ms. Davis was a temporary employee; and (2) another employee hired prior to the date Ms. MsCullough took her eight week leave was allowed to start in September.  The plaintiff has not offered sufficient evidence to create a genuine issue of material fact that the defendant's explanation for the actions taken is not true, but is instead a pretext for discrimination.

## V.  ORDER

**IT IS THEREFORE ORDERED** that *Defendants Houston County, Texas and David Cervantes' Supplemental Motion for Summary Judgment* [Clerk's Docket No. 63] is in all things **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claim for retaliation in violation of Title VII is hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that all pending motions [Clerk's Docket Nos. 68, 71] are **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the deputy clerk is **DIRECTED** to close this case file.

**SO ORDERED.**

**SIGNED** this the **26** day of **September, 2007.**

Thad Heartfield
United States District Judge